STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES HUBER, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 17, 1952—Decided November 24, 1952.

Before Judges McGeehan, Bigelow and Jayne.

*Mr. Charles Huber, pro se.*

*Mr. Mitchell H. Cohen,* Camden County Prosecutor, for the State (*Mr. Benjamin Asbell,* First Asst. Prosecutor).

Per Curiam. Huber was indicted for murder, duly arraigned and, so the record discloses, pleaded *non vult.* He was sentenced to life imprisonment. Two years later he made application for the correction of his sentence and appeals to this court from the denial of his application. Huber's argument rests on *R. S.* 2:138–3 which directs that a plea of guilty offered upon an indictment for murder shall be disregarded and a plea of not guilty entered and a jury duly empaneled shall try the case. The section adds that if a plea of *non vult* is made and accepted, the sentence imposed thereon may be imprisonment at hard labor for life. That was the sentence pronounced upon Huber.

In the matter before us a stenographic record was made of the proceedings upon the arraignment. It appears therefrom that when the prosecutor read the indictment and asked the defendant how he pleaded, he replied, "Guilty," and the court immediately interposed, *"Non vult."* The prosecutor and two counsel, who were appearing for Huber, thereupon addressed the court successively stating the facts of the case and urging the court to accept the plea. At the conclusion of their arguments, the court announced, "The plea of *non vult* to the indictment is accepted." The judge spoke briefly of the circumstances leading to the murder and then pronounced sentence. The appellant argues that when he said he pleaded "Guilty," a plea of *non vult* should not have been entered, but instead a plea of not guilty, pursuant to the statute, and the case should have proceeded to trial.

We will not consider whether or not upon this appeal we are confined to the formal record of the arraignment and plea, or whether we may have recourse to the stenographic transcript. *State v. Noel,* 102 *N. J. L.* 659 (*E. & A.* 1926); *Wasserman v. State,* 103 *N. J. L.* 128 (*E. & A.* 1926). Accepting as true the appellant's statement of facts and the stenographic transcript, it appears that appellant was present in person throughout the proceeding; that he interrupted his counsel on one occasion in order to correct a statement made by him; and that he was fully aware of what was going on. Yet he remained silent. Counsel who spoke for him took as the basis of their argument his wish to avoid a trial which might result in a death sentence. When they urged the court to accept his plea, clearly they meant a plea of *non vult.* Compare *State v. O'Toole,* 115 *N. J. L.* 205 (*E. & A.* 1935). Huber appears to have no valid cause for complaint.

The order of the County Court is affirmed.